**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN WALTER HIRSCHER, | No. C-14-0340 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF SERVICE** |
| BRAD SMITH; *et al.*, | |
| Defendants. | |

## I.   INTRODUCTION

Norman Walter Hirscher, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983.  His complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## II.   BACKGROUND

The amended complaint alleges the following:

From May 9, 2012 through June 6, 2012, Mr. Hirscher was in a work unit that was required to clean and/or work in an area containing lead paint and asbestos.  Joe Dobie failed to provide Mr. Hirscher with "personal protective equipment during inventory."  Docket # 1 at 3.  Mr. Dobie instructed Mr. Hirscher "to remove lead base[d] paint from the windows, and wall [panels] down to bare metal," while others were power-washing pipes encased with asbestos.  *Id.*  Mr. Hirscher was not given proper training or protective gear to shield him against the asbestos and lead exposure in the CAL-PIA mattress and bedding factory at San Quentin.  *Id.* at 3-4.  Mr. Hirscher has several health problems resulting from his exposure to asbestos and lead paint.

**United States District Court**

For the Northern District of California

1    PIA supervisor, Mr. Loredo, and PIA manager, Mr. Earley, intentionally attempted to

2  minimize the severity of the exposure by failing to properly fill in worker's compensation forms that

3  Mr. Hirscher had been exposed to asbestos. *Id.* at 4.  Mr. Earley had put Mr. Dobie in charge as the

4  supervisor of mattress and bedding, and Mr. Dobie was acting under and/or within Mr. Earley's

5  authority when he ordered inmate employees to work under the hazardous conditions. *Id.* at 7.

6    K.A. Davis, a correctional officer, did security checks on the area between May 9, 2012

7  through June 6, 2012.  In response to Mr. Hirscher's question, C/O Davis said there was a "good

8  possibility" that there was lead in the paint and asbestos in the pipe insulation. *Id.* at 13.  C/O Davis

9  also said he had notified Mr. Dobie and Mr. Young of the danger to the inmate workers.

10    On June 6, 2012, Mr. Hirscher and other inmates became aware of the hazardous materials

11  based on a report and statements made by Luu Rogers, a maintenance supervisor who toured the

12  area that day.

13    After learning of the contamination, Mr. Earley and Mr. Dobie failed to follow proper

14  procedures for decontamination.  The inmate-workers were allowed to shower but were not given

15  clean clothes.

16    Jeremy Young, the supervisor of the CAL-PIA bedding and mattress department at San

17  Quentin, notified his supervisor, Mr. Dobie, of a potential asbestos and lead paint danger in

18  removing the paint and disturbing the insulation.  After notifying Mr. Dobie, Mr. Young did nothing

19  further to safeguard the inmate workers; in fact, he instructed Mr. Hirscher and other inmates to

20  continue working, while he was aware of the risk to their health and safety. *Id.* at 10.

21    Several defendants took steps to deal with the situation on and after June 6, 2012.  Elizabeth

22  Babcock, a hazardous material specialist, identified asbestos and lead at the work site upon her

23  arrival and immediately shut down the mattress and bedding factory.  She then directed the prison

24  officials to have the inmates evaluated for exposure to lead.  B. Smith signed a form about the

25  incident after the fact.  Mr. Rogers contacted John Walker, the health and safety manager, who

26  "contacted the necessary authorities to update them on the situation." *Id.* at 12.

27

28

United States District Court

For the Northern District of California

1

### III. DISCUSSION

2      A federal court must engage in a preliminary screening of any case in which a prisoner seeks

3   redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

4   § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

5   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

6   monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro*

7   *se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

8   (9th Cir. 1990).

9      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right

10   secured by the Constitution or laws of the United States was violated and (2) that the violation was

11   committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48

12   (1988).

13      Deliberate indifference to an inmate's health or safety violates the Eighth Amendment.

14   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only

15   when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and

16   (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer*

17   *v. Brennan*, 511 U.S. 825, 834 (1994). Under the deliberate indifference standard, the prison official

18   must not only "be aware of facts from which the inference could be drawn that a substantial risk of

19   serious harm exists," but "must also draw the inference." *Id.* at 837. Liberally construed, the

20   amended complaint states a cognizable Eighth Amendment claim against defendants Dobie, Earley,

21   Loredo and Young for permitting or requiring Mr. Hirscher to clean an area with lead paint and

22   asbestos without adequate protective gear. *See Wallis v. Baldwin*, 70 F.3d 1074, 1076-77 (9th Cir.

23   1995) (requiring inmates to clean from attic material known to contain asbestos without protective

24   gear demonstrated deliberate indifference).

25      Even with liberal construction, the amended complaint does not state a claim against C/O

26   Davis, as the allegations against him do not suggest deliberate indifference. C/O Davis had

27   informed the CAL-PIA supervisors of the risk of potential exposure to asbestos and lead paint in the

28   area, and did not compel Mr. Hirscher to work in the area.

United States District Court

For the Northern District of California

1    The amended complaint does not state a claim against the other defendants who stopped the

2    work in the area on June 6, 2012 when they learned of the asbestos and lead paint problem.   The

3    bedding and mattress factory was deemed unsafe and was closed on June 6, 2012, according to the

4    complaint.  The defendants who took steps on and after June 6, 2012 to stop the work and write

5    reports about it after the fact are not liable for deliberate indifference to Mr. Hirscher's safety for the

6    already-completed exposure to the toxic substances.

7    Any mishandling or failure to grant Mr. Hirscher's inmate appeals in the prison

8    administrative appeal system does not amount to a due process violation.  There is no federal

9    constitutional right to a prison administrative appeal or grievance system for California inmates.  *See*

10   *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.

11   1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is

12   procedural right that does not give rise to protected liberty interest requiring procedural protections

13   of Due Process Clause); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993).  Prison officials are not

14   liable for a due process violation for simply failing to process an appeal properly or failing to find in

15   Mr. Hirscher's favor.

16   Plaintiff alleges several state law claims.  It appears that some or all of these may be barred

17   by the rule that the workers' compensation system is the exclusive remedy of an employee for an

18   industrial injury.  *See* Cal. Labor Code § 3600 *et seq*.  The defendants being served must address the

19   state law claims in their answer and/or dispositive motions.

20                                          **IV.    CONCLUSION**

21        1.    The amended complaint states a cognizable § 1983 claim against Joe Dobie, Philip

22   Earley, Gary Loredo, and Jeremy Young for a violation of Plaintiff's Eighth Amendment rights.

23        2.    The Clerk shall issue a summons and the United States Marshal shall serve, without

24   prepayment of fees, the summons, a copy of the second amended complaint and a copy of all the

25   documents in the case file upon the following defendants, who apparently work in the Prison

26   Industries section of San Quentin State Prison.

27        - Joe Dobie (CAL-PIA)
         - Philip Earley (CAL-PIA)
28       - Gary Loredo (CAL-PIA)

4

**United States District Court**
For the Northern District of California

1    - Jeremy Young (CAL-PIA)

2    3.    In order to expedite the resolution of this case, the following briefing schedule for

3    dispositive motions is set:

4    a.    No later than **September 12, 2014**, Defendants must file and serve a motion

5    for summary judgment or other dispositive motion.  If Defendants are of the opinion that this case

6    cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the

7    motion is due.  If Defendants file a motion for summary judgment, Defendants must provide to

8    Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a

9    motion.  *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).  If Defendants file a motion to

10   dismiss for non-exhaustion of administrative remedies, Defendants must provide to Plaintiff a notice

11   regarding motions to dismiss for non-exhaustion procedures at the time they file such a motion.  *See*

12   *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

13   b.    Plaintiff's opposition to the summary judgment or other dispositive motion

14   must be filed with the Court and served upon Defendants no later than **October 10, 2014**.  Plaintiff

15   must bear in mind the notice and warnings regarding summary judgment provided later in this order

16   as he prepares his opposition to any motion for summary judgment.

17   c.    If Defendants wish to file a reply brief, the reply brief must be filed and

18   served no later than **October 24, 2014**.

19   4.    Plaintiff is provided the following notices and warnings about the procedures for

20   motions for summary judgment:

21   The defendants may make a motion for summary judgment by which
     they seek to have your case dismissed.  A motion for summary
22   judgment under Rule 56 of the Federal Rules of Civil Procedure will,
     if granted, end your case. . . . Rule 56 tells you what you must do in
23   order to oppose a motion for summary judgment.  Generally, summary
     judgment must be granted when there is no genuine issue of material
24   fact -- that is, if there is no real dispute about any fact that would
     affect the result of your case, the party who asked for summary
25   judgment is entitled to judgment as a matter of law, which will end
     your case.  When a party you are suing makes a motion for summary
26   judgment that is properly supported by declarations (or other sworn
     testimony), you cannot simply rely on what your complaint says.
27   Instead, you must set out specific facts in declarations, depositions,
     answers to interrogatories, or authenticated documents, as provided in
28   Rule 56(e), that contradict the facts shown in the defendants'

**United States District Court**
For the Northern District of California

1

2

3

4

> declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

5   If a defendant files a motion for summary judgment for failure to exhaust administrative remedies,

6   he is seeking to have the case dismissed. As with other defense summary judgment motions, if a

7   motion for summary judgment for failure to exhaust administrative remedies is granted, your case

8   will be dismissed and there will be no trial.

9         5.      All communications by Plaintiff with the Court must be served on a defendant's

10  counsel by mailing a true copy of the document to the defendant's counsel. The Court may

11  disregard any document which a party files but fails to send a copy of to his opponent. Until a

12  defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to

13  the defendant, but once a defendant is represented by counsel, all documents must be mailed to

14  counsel rather than directly to that defendant.

15        6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No

16  further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

17  before the parties may conduct discovery.

18        7.      Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the

19  Court informed of any change of address and must comply with the Court's orders in a timely

20  fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

21  to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every

22  pending case every time he is moved to a new facility.

23        8.      Plaintiff is cautioned that he must include the case name and case number for this

24  case on any document he submits to the Court for consideration in this case.

25  ///

26  ///

27  ///

28  ///

6

1    9.    Plaintiff's motion to compel Defendants to answer his complaint is DENIED.  Docket

2  # 2.  If Defendants want to file an answer they may, but they also are permitted by statute to file a

3  waiver of reply instead of an answer.  *See* 42 U.S.C. § 1997e(g).

4

5    IT IS SO ORDERED.

6

7  Dated:  July 31, 2014

8  _____
   EDWARD M. CHEN

9  United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28